UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PHYLLIS J. SULT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 3:06cv526 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Petition for an Award of Fees and Costs Pursuant to the Equal Access to Justice Act" filed by the plaintiff, Phyllis J. Sult ("Sult"), on August 15, 2007.  On this same date, Sult filed a "Verified Motion for Approval of Attorneys Fees Under 42 U.S.C. §406(b)". On August 29, 2007 ,the defendant filed a response to the petitions for fees, indicating that the Commissioner has no objection to the fee requests.

For the following reasons, the fee petitions will be granted.

Discussion

The EAJA is a fee-shifting statute applicable to Social Security disability appeals to federal court in which the claimant is a prevailing party, and the United States' position is not substantially justified.  28 U.S.C. § 2412(a) and (d)(1)(A).  "Under the EAJA, a court may award attorney's fees to a party who prevails against the United States where 'the court finds that the position of the United States was not substantially justified.'" 28 U.S.C. § 2412(d)(1)(A).  The Commissioner's position is substantially justified if her conduct has "a reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.  1994)(quoting Pierce v. Underwood, 487 U.S. 552, 566

n.2 (1988)).  The Commissioner bears the burden of proving that her position was substantially justified.  Marcus, 17 F.3d at 1036.

In the present case the Commissioner has not objected to the fee petitions, and thus the fee petitions will be granted.  Sult  has requested an award of fees and costs in the amount of $4385.25 to be paid directly to Sult pursuant to the EAJA, 28 U.S.C. §2412(d). Sult has also requested $7486.00 to be paid to Sult's counsel, pursuant to agreement, in accordance with 42 U.S.C. §406(b)..   These amounts are not contested and are supported by documentation in the record.  Consequently, the court will grant Sult's fee petitions.

## Conclusion

Based on the foregoing, Sult's fee petitions are hereby GRANTED, in the amount of $4385.25 pursuant to the EAJA, and $7486.00 pursuant to 42 U.S.C. §406(b).

Entered: September 11, 2007.

s/ William C.  Lee
William C. Lee, Judge
United States District Court
